## CHARLES E. WILLIAMS *vs.* MARY A. WILLIAMS.

### JULY 17, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J.   This is a suit in equity begun by a bill of complaint, in which the complainant prays that the respondent, who is his mother, be permanently enjoined from "transferring, aliening, mortgaging, devising or otherwise dealing with" certain real estate, consisting of a certain lot of land in this state and a dwelling house and certain other improvements thereon; that she be declared to hold that real estate in trust as joint tenant with him; and that she be enjoined and commanded to execute and deliver to him "a deed or deeds whereby said real estate shall thereafter stand in the names of complainant and respondent as joint tenants and not as tenants in common." The bill also contains a prayer for general relief.

In the bill it is alleged, in substance and effect, that on September 10, 1934, she was the sole owner of that real estate; that on that date, by a warranty deed duly executed and delivered by her, she conveyed that real estate to herself and him, "as joint tenants and not as tenants in common", and delivered that deed or caused it to be delivered to a third person; that this conveyance was a gift to him of a joint tenancy in that real estate; and that she intended, by that gift, that at her death he should have title to the full fee in that real estate and so explained her intention at the time of making such gift.

It is also alleged in the bill, in substance, that thereafter, relying upon such gift of a joint tenancy, he moved into the premises with his family and has ever since occupied them as his home and intends to continue to do so; and that he has thereafter paid all the taxes on the premises and kept them in repair.

It is further so alleged that on November 17, 1939, without his knowledge or consent, she by *mesne* conveyances did reconvey to herself all of her interest in and to that real estate, "as a result of which the legal title to said real estate is now held by the parties as tenants in common"; that he has requested her to execute the necessary instruments whereby to restore the title to the parties as joint tenants in accordance with her original gift and her intent therein; and that she has refused to do so, and "is likely to aliene or convey to third parties her interest in said real estate."

The respondent filed an answer in which she admitted the allegations of the bill as to her sole ownership of the real estate on September 10, 1934 and her conveyance of it on that date to herself and him as joint tenants. She therein denied certain other allegations of the bill and neither admitted nor denied its remaining allegations.

When the bill came on to be heard in the superior court upon bill, answer and replication, the respondent's counsel admitted, for the purposes of the hearing, the truth of all the allegations of fact in the bill. The complainant's counsel

then introduced in evidence as exhibits duly certified copies of the deeds described in the bill of complaint. By the first of these the respondent on September 10, 1934, conveyed the real estate to herself and the complainant "as joint tenants and not as tenants in common", adding the following at the end: "This conveyance is made for the express purpose of vesting the entire title to the above described land and improvements in the above-named grantees, as joint tenants and not as tenants in common."

By the second deed, executed, acknowledged and recorded on November 17, 1939, she conveyed to one Frederick L. Austin, with quitclaim covenants, all her right, title and interest in and to this same real estate, described as in the first deed and also described as being the same premises conveyed to her and Charles E. Williams by the first deed.

By the third deed, executed and acknowledged by Frederick L. Austin and recorded immediately after the second deed, he conveyed to the respondent, with quitclaim covenants, all his right, title and interest in and to the same real estate, described as in the first deed, with the following additions: "Being the same premises conveyed to this grantor by deed from this grantee of even date herewith recorded prior hereto." According to the notation put on it by the town clerk this deed was recorded one minute after the second of these three deeds.

After hearing the counsel for the respective parties to this cause as to the law applicable to the facts set forth in the bill of complaint and admitted by the respondent's counsel and those shown by the exhibits above described, the trial justice rendered a decision in favor of the respondent, that the bill should be dismissed. A decree denying and dismissing the bill of complaint followed; and the cause is now before us on the complainant's appeal from that decree, the reasons being, in effect, that the decision of the trial justice was against the law in the case and against the evidence therein.

In his brief, filed in this court, the complainant's counsel states the facts as to the conveyance of September 10, 1934, by which the complainant and respondent became joint tenants of the real estate, and as to his moving into it with his family and continuing to occupy it and keeping it in repair and paying all expenses, including taxes.

Then his counsel, on page 2 of his brief, says: "In November, 1939, however, respondent without the knowledge or consent of complainant, made a deed to a third person, of a one-half interest in the real estate, and received back a deed of the same one-half interest. The effect of these conveyances was to break the joint tenancy and the right of survivorship in complainant, so that at the present time the property is owned by the parties as tenants in common."

He thus admits, in behalf of the complainant, that all the *legal* interest which the latter has in the real estate is an estate as tenant in common with the respondent. But he then proceeds to rest his case on the contention that, according to the facts shown, the respondent was under an *equitable* duty to the complainant not to exercise her *legal* right thus to change the nature of the interests which they respectively had in the property as the result of her original conveyance of it.

But we cannot find that she made any agreement with her son which bound her not to exercise the legal power which every joint tenant of real property has to change the estate into a tenancy in common, by making a conveyance to a third person. Nor can we find that the facts of this case imposed on her any *equitable* duty to the complainant not to exercise that power. Nor does his counsel cite any case which to our minds supports his arguments.

We therefore conclude that the decision of the trial justice was correct and that none of the grounds of appeal stated in the complainant's appeal from the final decree should be sustained.

The complainant's appeal is denied and dismissed; the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Fergus J. McOsker,* for complainant.

*Joseph E. Beagan, Edmund F. Beagan, Joseph S. Wholey,* for respondent.